UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY DUANE CALHOUN,

    Petitioner,

v.

    CASE NO. 05-CV-74614-DT
    JUDGE ROBERT H. CLELAND
    MAGISTRATE JUDGE PAUL J. KOMIVES

KENNETH T. McKEE,

    Respondent.[1]
_____/

<u>MEMORANDUM ORDER (1) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (docket #31); (2) DENYING PETITIONER'S MOTION FOR DISCOVERY (docket #32); and (3) DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING (docket #33)</u>

Petitioner Roy Duane Calhoun filed a petition for the writ of habeas corpus in this Court on December 6, 2005, challenging his state court convictions armed robbery and firearms offenses. On July 24, 2006, petitioner filed these motions for appointment of counsel, discovery, and an evidentiary hearing. The latter two motions are brought pursuant to Rules 6 and 8 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, respectively. For the reasons that follow, the Court will deny the motions.

    1.    *Motion for Appointment of Counsel*

A review of the petition and of petitioner's briefs does not demonstrate that the factual or legal issues raised are so complex that petitioner is unable to intelligently present her claims to the

---

[1] By order entered this date, Kenneth T. McKee has been substituted for Kenneth Romanowski as the proper respondent in this case.

1

Court. Accordingly, appointment of counsel is not necessary at this time. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).

2. *Motions for Discovery and Evidentiary Hearing*

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Similarly, in making the determination of whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963).

As explained more fully in my Report and Recommendation filed on this date, petitioner's confession and ineffective assistance of counsel claims are without merit even assuming the truth of petitioner's version of events. Thus, neither information revealed through discovery nor an evidentiary hearing would have the potential to advance petitioner's claims for relief. Accordingly, neither discovery nor an evidentiary hearing are appropriate.

In view of the foregoing, it is ORDERED that petitioner's motions for appointment of counsel, for discovery, and for an evidentiary hearing are all hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 3/26/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 26, 2007.
>
> s/Eddrey Butts
> Case Manager