# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROY DUANE CALHOUN

    Petitioner,

v.                 Case No. 05-74614

KENNETH McKEE,

    Respondent.
                  /

## OPINION AND ORDER DENYING PETITIONER'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING THE PETITION FOR HABEAS CORPUS

On March 26, 2007, Magistrate Judge Paul J. Komives issued a Report and Recommendation ("R&R") recommending that this court deny Petitioner Roy Duane Calhoun's petition for a writ of habeas corpus. On April 10, 2007, Petitioner filed timely objections. On May 4, 2007, Respondent Kenneth Romanowski filed a response to Plaintiff's objections. Having reviewed the briefs, the court concludes that a hearing is unnecessary. See E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Petitioner's objections, adopt the R&R and deny the petition for habeas corpus.

### I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be

accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) (holding where objection was to entirety of report and recommendation, that "it is arguable in this case that Howard's counsel did not file objections at all . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong").

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing

2

to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

The court notes at the outset that the magistrate judge's R&R is thorough, well-reasoned and scholarly. The thoughtful analysis it contains provides this court with useful assistance. Petitioner, who is proceeding *pro se,* advances objections that, meanwhile, are not helpful. His four numbered objections correspond to the four grounds advanced in his petition for writ of habeas corpus: (1) that he was deprived of his constitutional rights when the state court denied his motion to sever his trial with his co-defendant, (2) that the trial court should have suppressed his statement to police, (3) that his trial counsel was ineffective and (4) that his appellate counsel was ineffective.

Each "objection" is an objection in name only, for the substance of each is mere reargument of the issues already ably considered in the R&R. Petitioner's "objections" therefore fail to meet the minimum requirements of *Howard.* 932 F.2d at 508. The court is at a loss to identify or know what specific errors Petitioner believes the magistrate judge made. *Id.* As such, the court need not delve into the specific areas of law that Petitioner attempts to argue for a second time. Such an approach would not serve the purpose of filing objections. *Walters*, 638 F.2d at 949-50. The court's independent review of the R&R reveals no substantive errors that would call into question the ultimate recommendation of the magistrate judge: that the petition lacks merit and should be denied. The court is confident, according to its *de novo* review of the comprehensive R&R, that the R&R is persuasive and should be adopted in full and incorporated by reference.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's objection [Dkt. # 38] is DENIED and the Magistrate Judge's March 26, 2007 report and recommendation [Dkt. # 36] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that the Petition for writ of habeas corpus [Dkt # 1] is DENIED.

       s/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated: May 15, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 15, 2007, by electronic and/or ordinary mail.

       s/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (313) 234-5522