# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROY DUANE CALHOUN

    Petitioner,

v.                                                 Case No. 05-74614

KENNETH McKEE,

    Respondent.
                                    /

## OPINION AND ORDER DENYING PETITIONER'S
## "MOTION FOR A CERTIFICATE OF APPEALABILITY"

On May 15, 2007, the court rejected the objections of Petitioner Roy Duane Calhoun and adopted the March 26, 2007 Report and Recommendation ("R&R") of Magistrate Judge Paul J. Komives, recommending denial of habeas relief. On June 18, 2007, Petitioner filed his notice of appeal, along with a motion for a certificate of appealability. For the reasons stated below, the court will deny the motion.

## I. STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). In applying the standard, a district court may not conduct a full merit review, but must limit its

examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell,* 537 U.S. 322, 336-37 (2003). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel,* 529 U.S. at 484. When a district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim or the denial or a constitutional right, and that jurists of reason should find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484-85.

## II. DISCUSSION

Petitioner seeks to appeal the court's rejection of the four grounds advanced in his petition for writ of habeas corpus: (1) that he was deprived of his constitutional rights when the state court denied his motion to sever his trial with his co-defendant, (2) that the trial court should have suppressed his statement to police, (3) that his trial counsel was ineffective and (4) that his appellate counsel was ineffective. Regarding the first, the court finds no substantial showing that Petitioner's constitutional rights were violated. As the magistrate judge concluded, Petitioner failed to identify any specific instances of prejudice that resulted from the failure to sever his trial. Second, Petitioner also failed to allege facts that would call into question the voluntariness of his statement to police. Nor does his request for the presence of a prosecutor qualify as an unequivocal invocation of his right to remain silent. His claim that his statement should have been suppressed thus also fails to make a substantial showing that his

2

constitutional rights were violated. Concerning the alleged ineffective assistance of trial and appellate counsel, Petitioner is not entitled to habeas relief. Because the coerced confession claim lacks merit, trial counsel was not ineffective for failing to move for an evidentiary hearing on that issue. Nor is the court convinced that the outcome of trial would have been different had trial counsel called a certain witness that Petitioner now claims counsel should have called. Finally, because the petition lacks merit, the court will not find that Petitioner's appellate counsel was ineffective for failing to bring the habeas petition on direct appeal.

In sum, and according to the court's previous order:

> The court's independent review of the R&R reveals no substantive errors that would call into question the ultimate recommendation of the magistrate judge: that the petition lacks merit and should be denied. The court is confident, according to its *de novo* review of the comprehensive R&R, that the R&R is persuasive and should be adopted in full and incorporated by reference.

(5/15/07 Order at 3.) The court has no reason to doubt its conclusion, nor has Petitioner presented any persuasive grounds that would raise such doubt. As such, the court is not persuaded that Petitioner has made a substantial showing of the denial of a constitutional right. Reasonable jurists would agree that the petition lacks merit. Accordingly,

### III. CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt # 45] is DENIED.

                                           s/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: June 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2007, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522